UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC FLORES,

      Plaintiff,

v.

      Civil Action 2:14-cv-84
      Judge Algenon L. Marbley
      Magistrate Judge Elizabeth P. Deavers

UNITED STATES ATTORNEY
GENERAL, *et al.*,

      Defendants.

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Eric Flores, a resident of Texas who is proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff titles his sixty-one-page Complaint a "Petition to Challenge the Constitutionality of the First Amendment." (Compl. 1, ECF No. 1-2.) As best the Court can discern, Plaintiff is seeking to bring a class action on behalf of himself and eighteen other "Mexican American citizens of the United States," alleging that the United States Attorney General and the Federal Bureau of Investigation are unlawfully interfering with religious practices, marriages, criminal investigations, and freedom of speech. (*Id*. at 2–4.) In addition to declaratory and injunctive relief, Plaintiff seeks an order directing that an investigation be conducted.

The allegations Plaintiff sets forth in his rambling and incoherent Complaint are so implausible as to render his Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The following are some exemplary allegations from Plaintiff's Complaint:

> The petitioners grandmother Celia Salas and the petitioners grandfather Marciano Flores disciplined their children with the moral principles of the holy bible by telling their children that each one should only have one spouse whom shall be the spouse of all their children. The petitioners grandfather and the petitioners grandmother would practice the moral principles of the holy christian bible that they were teaching their children by always being together and never leaving each other to have sex with another person. This way their children would always want to be like their mother and father whom were always together and never left each other to have sex with another person.
>
> However the organized group of executive employees of the federal

government used advanced technology with a direct signal to the satellite in outerspace that has the capability of calculating a genetic code to profoundly disrupt the personality and senses of the petitioners grandfather Marciano Flores for long durations exceeding calendar years in which was the equivalent in intensity to take physical control of his mental state of mind so as to compel him into an act of duress by a calculated procedure to have sexual intercourse with another female person other than his common wife Celia Flores the mother of all his children.

*   *   *

During their marriage an organized group of executive employees of the federal government began using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculating a genetic code to profoundly disrupt the personality and senses of Javier Flores Junior and Jessica Lazarin for long durations exceeding calendar years in which was equivalent in intensity to take physical control of their mental state of mind so as to compel them into an act of duress by a calculated procedure to engage in a domestic dispute such as arguing with each other or physically fighting with each other for the purpose of deteriorating their relationship to separate them from their marriage so as to promote the business of divorcing them in a family district court of law under the authority of the organized group of executive employees of the federal government.

*   *   *

The fact that governmental agents used advance technology to take physical control of the petitioner, his immediate relatives, or their spouses mental state of mind so as to compel them into an act of duress by a calculated procedure to have sexual intercourse without their effective consent or awareness with another person other than their spouse doe constitute unjustified government interference in their free exercise of religious belief, though shall not commit adultery or to not have sex with another person other than their spouse in violation of the First Amendment to the United States Constitution.

(Compl. 21, 34, and 57, ECF No. 1-2.)  These allegations rise to the level of being "irrational or wholly incredible." Because Plaintiff's claims are predicated upon irrational and delusional allegations, the Undersigned finds that he has failed to state a plausible claim to relief.  It is therefore **RECOMMENDED** that the Court dismiss this action pursuant to Section 1915(e)(2).

5

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: January 31, 2014                             /s/ *Elizabeth A. Preston Deavers*
                                                  Elizabeth A. Preston Deavers
                                                  United States Magistrate Judge